## B. J. SAGE *v.* J. C. CAIN.

Under the Pre-emption Act of the Legislature of Louisiana of 1853, it was essential to constitute a right of pre-emption that the land claimed should embrace the settlement or improvements of the pre-emptor.

APPEAL from the District Court of the Parish of Pointe Coupée, *Ratliff*, J. *B. J. Sage, pro. per.* *T. I. Semmes, D. C. Labatt* and *T. H. Farrar*, for defendant and appellant.

LAND, J. This is a petitory action in which plaintiff and defendant claimed title from the State of Louisiana to lots 9 and 10 in the township 4, S. R. 7, east, situate in the parish of Pointe Coupée.

The plaintiff claims by purchase, and the defendant under the preëmption Act of 1853.

It appears from the evidence, that there are three contiguous lots lying on the Atchafalaya river, and numbered 8, 9 and 10, and containing respectively about the same quantity of land. That defendant settled on lot No. 8, in the year 1848, and has continued to reside thereon ever since; and did, in the year 1853, *purchase* the same from the State, without making any claim of preëmption to lots 9 and 10, or either of them. It further appears, that at the date of his purchase, his dwelling house, and the whole of his improvements, were on lot No. 8. That in February, 1854, several months after his said purchase, he made application to the Register of the State Land Office, and claimed the right of preference to lots Nos. 9 and 10, under the preëmption Act of 1853. That his application was not regarded, and that plaintiff was permitted to purchase from the State lots 9 and 10, which purchase was afterwards contested by defendant before the Register, who decided in favor of plaintiff.

The defendant contends in this court, that by virtue of his settlement and residence on lot 8, he was entitled, under the preëmption Act of 1853, to purchase, by preference, not less than forty, nor more than three hundred and twenty acres of land, and that this right was not exhausted or extinguished by his purchase of lot No. 8, containing only 122 44–100 acres. It is true, that he filed his application for a preëmption right to lots 9 and 10 before the plaintiff's purchase, and whilst the Act of 1853 was still in force.

The question thus presented, is not free from difficulty, and the case of *Kittridge* v. *Breaud*, 2 Rob. p. 40, seems to favor his pretention.

It is, however, the opinion of the court, that his right of preëmption was extinguished by his purchase of lot No. 8, which embraced the whole of his improvements. The coexistence of certain facts were required by the Act of 1853, to constitute a right of preëmption—a material one of which was, that the land claimed should embrace the settlement or improvements of the preëmptors. The entry of lot 8 rendered it impossible to embrace, within the lands claimed under the Act of 1853, the dwelling house or any portion of the improvements of defendant, prior to the purchase of plaintiff. It, therefore, seems to follow, that the defendant, by his own act, destroyed the coexistence of those facts which were essential to constitute his right of preëmption to the lands claimed.

The judgment of the lower court was in favor of plaintiff for the land, but rejected his claim for damages, including attorney's fees.

The plaintiff is an attorney-at-law, and well qualified to represent his interests in the courts, without the aid of assisting counsel, and if attorney's fees have been paid, or promised in this case, they can form no legal charge against the defendant.

It is certainly not the policy of the law to encourage lawsuits of any character; but it is equally certain, that it is not the policy of the law to prevent or deter parties from asserting or defending their real or supposed rights, through the apprehension of damages, or penalties in the event of failure or defeat.

There is no error in the judgment of the lower court.

Judgment affirmed, with costs.